moval within a reasonable time, so as not to waive his claim of constructive eviction, was for the jury.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 49, 940–944; Dec. Dig. ☞233.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Frederick William Jockel as trustee, etc., against Herman Haubold. From a judgment in favor of the plaintiff, entered upon a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued December term, 1915, before GUY, PAGE, and PHIL-BIN, JJ.

Hitchings & Burdick, of New York City, for appellant.

Thompson, Koss & Warren, of New York City (George Flint Warren, Jr., of New York City, of counsel), for respondent.

PAGE, J. This was an action to recover rent for premises after the defendant had removed from same, claiming to have been constructively evicted therefrom. The defendant remained in the premises, relying upon the promise of the agent of the landlord to rectify the cause that rendered the premises untenantable by reason of insufficient heat. When the tenant was informed that the landlord would not supply larger radiators, the tenant moved from the premises. The learned trial judge directed a verdict in favor of the plaintiff, upon the theory that the defendant waived, as a matter of law, his right to claim a constructive eviction by remaining in possession of the premises.

We have frequently held that the question as to whether the tenant exercised his option to remove from the premises within a reasonable time was a question of fact, to be determined by the jury with reference to the circumstances of the particular case. N. Y. State Investing Co. v. Wolf, 84 Misc. Rep. 68, 145 N. Y. Supp. 945. The case should have been submitted to the jury for their determination.

A direction of the verdict by the trial judge was erroneous, and the judgment must be reversed, and a new trial granted, with $30 costs to the appellant to abide the event. All concur.

---

(93 Misc. Rep. 75)

LEVENSON WRECKING CO. v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

1. CARRIERS ☞91—ACTION FOR FAILURE TO DELIVER—DEFENSE—CLAIM FOR DEMURRAGE.

In an action to recover the value of lumber delivered by plaintiff and consigned to itself, where it appeared that the lumber arrived by barge June 30th, and that the consignee was notified thereof on or about July 1st, and told that if he did not take the lumber away there would be a demurrage, the carrier, on the consignee's failure to pay the barge demurrage, was not liable for its refusal to deliver.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 338–355; Dec. Dig. ☞91.]

**2. CARRIERS ☞77—ROUTE—LAND OR WATER.**

Where there was nothing in the bill of lading preventing a carrier from using a barge in carrying lumber to its destination, and in ordinary course it could not be carried without partial water transportation, it was authorized to use a barge in transportation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 272–279; Dec. Dig. ☞77.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Levenson Wrecking Company against the New York Central & Hudson River Railroad Company. From a judgment in favor of the plaintiff and against the defendant, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHIL-BIN, JJ.

Alex. S. Lyman, of New York City (Jacob Aronson, of New York City, of counsel), for appellant.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

PHILBIN, J. The action is brought to recover the value of certain lumber delivered to the defendant to transport to the plaintiff as consignee from White Plains, in this state, to the place of business of the plaintiff in Hoboken, N. J. The lumber was delivered to the defendant at White Plains and carried by it to Hoboken. The defendant refused to deliver the lumber until certain charges for demurrage were paid by plaintiff, which the latter declined to pay.

[1] The determination of the issues depends upon the point as to whether under the circumstances the defendant was justified in refusing so to make delivery. I do not think the proof supports the judgment for the plaintiff. The plaintiff refused to pay said demurrage, because it had not been duly notified of the arrival of the shipment, and because in any event a higher rate of demurrage was demanded than would have been payable, had the contract been properly performed by defendant. The plaintiff contended that the contract called for an all-rail transportation, and that the defendant acted without authority in using a barge for part of the way. Accordingly it should not have been asked to pay demurrage at the boat rate, which was $10 a day, instead of the car rate, which was $1 a day.

The claim that the plaintiff was not seasonably informed of the arrival of the goods was not sustained on the trial. It is uncontradicted that the lumber arrived at Hoboken on the 30th of June, 1915. Although the president of the plaintiff testified that up to the 10th of July, 1915, he had no knowledge of the arrival, yet he also testified that he saw the captain of the barge, which carried the lumber, in the plaintiff's yard on or about the 1st of July, and knew that he had a shipment of freight for the plaintiff at the dock, and that the captain demanded $10 a day demurrage, which the witness declined to pay. The testimony of one of the defendant's witnesses was to the effect

that he saw the said president on the 2d day of July, and notified him that if he did not take the lumber away by 7 o'clock next morning there would be demurrage on it, and that said president stated that the lumber was in the hands of the Hoboken Land & Improvement Company, and that he could do nothing until he heard from them. Although the president was recalled to testify, the above testimony was not contradicted.

[2] There was nothing in the bill of lading that prevented the defendant from using a barge for the purpose of finally transporting the goods to the place of destination, and in fact it is difficult to see how such a delivery could have been made in ordinary course from White Plains to Hoboken without the use of water transportation. The charge for demurrage demanded was proper in the circumstances, and the defendant was right in refusing to deliver the goods until it was paid.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.